IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ERIC ALSTON,

                                            ORDER

                      Petitioner,

                                         15-cv-325-bbc

      v.

JUDY SMITH,
Warden, Oshkosh Correctional Institution,

                    Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Eric Alston has filed a petition under 28 U.S.C. § 2254 in which he is challenging the revocation of his state probation on many grounds. Petitioner does not identify the charges that served as the basis for his revocation, but he alleges that his probation agent falsely accused him of missing a home visit. He also says that he was criminally charged with battery, obstructing an officer, intimidating a victim and disorderly conduct, but was found guilty only of obstructing an officer. Petitioner says that he is not challenging his criminal conviction, only the revocation of his probation. Petitioner has paid the $5 filing fee, so his petition is ready for screening under Rule 4 of the Rules Governing 2254 Cases.

      Under 28 U.S.C. § 2254(b)(1), a petitioner is required to exhaust his remedies in state court before filing a petition in federal court. Petitioner says that he did this, alleging that he appealed the revocation decision all the way to the Wisconsin Supreme Court.

1

However, he also says that he raised only two issues in state court: (1) an assistant district attorney represented the state in the revocation proceedings, even though there is no legal authority for an assistant district attorney to do that; and (2) the administrative law judge presiding over the proceedings was not "neutral" because she was "pressure[d]" by the Special Investigative Unit of the Madison Police Department and "other high profile law enforcement agencies." A review of the decision from the Wisconsin Court of Appeals suggests that petitioner's second claim may have been even narrower. According to that court, petitioner's second claim was that "his due process rights were violated because the hearing examiner attended [an] informational presentation on the Special Investigative Unit program and thus was not impartial." State ex rel. Alston v. Schwarz, 2014 WI App 71, ¶ 4, 354 Wis. 2d 622, 848 N.W.2d 903.

Regardless whether the state court of appeals misconstrued his second claim, it is clear that petitioner is raising numerous claims in his petition that he did not raise in state court. For example, he says that state officials violated his right to due process by tampering with evidence and witnesses, that he was discriminated against because of his race and that his counsel provided ineffective assistance in various ways.

To exhaust his administrative remedies, petitioner was required to "fairly present" to the state courts each *claim* that he wants to raise in federal court. Byers v. Basinger, 610 F.3d 980, 985 (7th Cir. 2010). It is not enough for petitioner to exhaust his remedies with respect to some claims but not others. "Where state remedies remain available to a habeas petitioner who has not fairly presented his constitutional claim to the state courts, the

exhaustion doctrine precludes a federal court from granting him relief on that claim." Bolton v. Akpore, 730 F.3d 685, 696 (7th Cir. 2013). See also 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented.").

In this case, plaintiff suggests that he did not raise his new arguments earlier because of ineffective assistance of counsel and newly discovered evidence. Wisconsin courts have held that a prisoner may file a petition for a writ of habeas corpus in *state* court to raise a claim for ineffective assistance of counsel that occurred at a probation revocation hearing. State ex rel. Reddin v. Galster, 215 Wis. 2d 179, 186, 572 N.W.2d 505, 508 (Ct. App. 1997); State v. Ramey, 121 Wis.2d 177, 182, 359 N.W.2d 402, 405 (Ct. App. 1984). In addition, Wisconsin courts have held that newly discovered evidence may be a ground for obtaining a new revocation hearing. State ex rel. Booker v. Schwarz, 2004 WI App 50, ¶ 1, 270 Wis. 2d 745, 749, 678 N.W.2d 361, 363. The fact that the state courts may not rule in petitioner's favor does not mean he can ignore the exhaustion requirement. Cawley v. DeTella, 71 F.3d 691, 695 (7th Cir. 1995); White v. Peters, 990 F.2d 338, 342 (7th Cir. 1993). Accordingly, if petitioner wants to challenge the revocation decision on the new grounds asserted in his petition, he will have to seek relief in state court first.

Rose v. Lundy, 455 U.S. 509 (1982), instructs federal district courts to dismiss a petition like petitioner's that presents a mix of exhausted and unexhausted claims. Id. at 510. Alternatively, petitioner may choose to amend his petition by deleting the unexhausted

claims and then proceeding solely on the exhausted claim. Id. at 520. Under Rhines v. Weber, 544 U .S. 269, 277 (2005), courts may stay unexhausted claims in situations in which outright dismissal of a mixed petition could jeopardize the petitioner's ability to later file a timely habeas petition, such as when the petitioner files his application "close to the end of the 1–year" statute of limitations. Id. at 275.

In general, courts have found that a petitioner's right to federal review is not at risk when he has at least 60 days remaining on his federal clock within which to initiate the state court exhaustion process and return to federal court after completing it. Crews v. Horn, 360 F.3d 146, 154 (3d Cir. 2004) (petitioner ought to be able to file application for state post conviction relief within 30 days and return to federal court within 30 days after state court exhaustion is completed); Palmer v. Carlton, 276 F.3d 777, 781 (6th Cir. 2002)(same); Zarvela v. Artuz, 254 F.3d 374, 381 (2d Cir. 2001) (same).

In this case, petitioner's one-year limitations period began to run 90 days after November 13, 2014, the day the petitioner says that the Wisconsin Supreme Court denied his petition for review. Anderson v. Litscher, 281 F.3d 672, 674–675 (7th Cir. 2002) (one-year statute of limitations does not begin to run under § 2244(d)(1)(A) until expiration of 90–day period in which prisoner could have filed petition for writ of certiorari with United States Supreme Court). Thus, petitioner still has ample time before his limitations period expires.

I will give petitioner the opportunity to decide whether he prefers to abandon his unexhausted claims and proceed solely on the claims that he has exhausted. Petitioner

should know that, if he decides to give up his unexhausted claims and present only the ones he has already exhausted, it is unlikely that this court would allow him to raise the unexhausted claims in a federal habeas petition that he files at a later date. Lundy, 455 U.S. at 521 ("[A] prisoner who decides to proceed only with his exhausted claims and deliberately sets aside his unexhausted claims risks dismissal of subsequent federal petitions.") (citing 28 U.S.C. § 2254 Rule 9(b), authorizing dismissal for abuse of the writ).

ORDER

IT IS ORDERED that petitioner Eric Alston may have until July 31, 2015, to advise the court whether he wishes to pursue his unexhausted claims in state court or whether he prefers to amend his petition to delete the unexhausted claims and proceed solely on the exhausted claim. If petitioner chooses to pursue his unexhausted claims in state court, or if he does not report his choice by the deadline, his petition will be dismissed without prejudice for his failure to exhaust his state court remedies, pursuant to Rose v. Lundy. If petitioner chooses to proceed, then I will screen petitioner's exhausted claim on the merits.

Entered this 13th day of July, 2015.

BY THE COURT:

/s/
BARBARA B. CRABB
District Judge